FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  AUG 21 2018  ★

LONG ISLAND OFFICE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

Adil Khalil,

  **-against-**

NYC Department of Buildings Queens Borough
Commissioner Derek Lee,  NYC Department of
Buildings Queens Deputy Borough Commissioner
John Raine, NYC Department of Buildings Queens
Deputy Borough Commissioner Chao-Hsiang, NYC
Department of Buildings Queens Borough Manager
'Jane Doe,' New York City Buildings Department
Inspector Franklin Perez, New York City Buildings
Department Inspector #0686 'John Doe 1,' New York
City Buildings Department Inspector #1773 'John
Doe 2,' New York City Buildings Department
Inspector #2251 'John Doe 3,' New York City
Buildings Department Inspector #0686 'John Doe 4,'
New York City Buildings Department Inspector
#2554 'John Doe 5,' and New York City Buildings
Filing Representative #1517 Kenneth Heath

**Complaint for Violation of Civil
Rights**

(Non-Prisoner Complaint)

Case No. **CV - 18   4708**

BIANCO, J.

LOCKE, M. J.

Jury Trial:    X Yes    ☐ No
*(check one)*

RECEIVED

AUG 21 2018

EDNY PRO SE OFFICE

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting
from public access to electronic court files.  Under this rule, papers filed with the court should
*not* contain: an individual's full social security number or full birth date; the full name of a
person known to be a minor; or a complete financial account number.  A filing may include
*only*: the last four digits of a social security number; the year of an individual's birth; a
minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other
materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an
application to proceed in *forma pauperis*.

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                **Adil Khalil**
Street Address       **158 Broadway**
State and Zip Code   **Shirley, N.Y. 11967**
Telephone Number     **(516) 652-4626**

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No.

Name                **The City of New York**
Job or Title         **Mayor of New York City**
Street Address       **City Hall**
State and Zip Code   **New York, NY 10007**

QUEENS BOROUGH HALL
120-55 QUEENS BLVD
KEW GARDENS, NY

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."  Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

### A.    Are you bringing suit against *(check all that apply)*:

X      **State or local officials (§ 1983 and § 1985 claim)**
☐      Federal officials (a *Bivens* claim)

B.  Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983.  If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

**First, Fourth, and Fourteenth Amendment (Due Process Clause and Equal Protection)**

C.  Section 1985- conspiracy to violate civil rights

**First, Fourth, and Fourteenth Amendment (Due Process Clause and Equal Protection)**

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under secti on 1983, explain how each defendant acted under color of state or local law.

**NYC buildings department officers were acting in their official capacity when they unlawfully discriminated, harassed, and falsely sanctioned my business.**

## III.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.  Where did the events giving rise to your claim(s) occur?

**120-55 Queens Boulevard in Kew Gardens, 169-20 Hillside Avenue in Queens and 1069 East 29th Street in Brooklyn**

B.  What date and approximate time did the events giving rise to your claim(s) occur?

**April 13, 2018**

C.     What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

**[1]**  The first amendment to the United States Constitution states, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

**[2]**  The fourth amendment to the United States Constitution states, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

**[3]**  The 14th amendment to the United States constitution states "All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

**[4]**  Article I, Section 9 of the New York State Constitution provide for the protection of right to assemble and petition.  Article I, Section 11 of the New York State Constitution provide for the equal protection of laws and the discrimination in civil rights prohibited.  Article I, Section 12 of the New York State Constitution provide for the protection of right to security against unreasonable searches, seizures and interceptions.

**[5]**  On 04/13/18 New York City actor Franklin Perez acted within his official capacity when issuing NYC Buildings Summons and Commissioners Order Summons number 35316607P in violation of the 1st, 4th and 14th amendment to the Constitution of the United States and the New York State Constitution Article 9, 11 and 12 .  The state actor was in violation of the Civil Rights Act of 1964 retaliation, 18 U.S.C. § 242 and 42 U.S.C. § 2000a [¶x].

**[6]**  The building situated at 169-20 Hillside Avenue in Borough of Queens has a certificate of Occupancy issued by the municipality for a new building on 07/15/87.  The latest certificate of occupancy states that a new building application was filed 569/84, and so the earliest code the building is required to conform would be the 1968 NYC Building Code of The City of New

York.  The building in question is a two story masonry fire proof structure, consisting of post to beam steel construction with concrete foundations, slabs and masonry veneer.  The said building has a legal occupancy for first floor C-Commercial Retail use group 6 while the second floor has a legal occupancy of E-Business office for a use group 6.  The cellar is classified as B-Storage and designated as '2' for accessory to the first floor retail store.

[7] Pursuant to the 1968 NYC Building Code of The City of New York 6-2 Occupant Load Requirements Net Area Table allows for storage rooms to have an occupant load calculated at 1/200 square foot.  Occupant load of the cellar accessory use storage space for the first floor tenant is 4 occupants.  Approximate square footage of cellar is 800 square foot, allowing for the first floor retail space located at 169-20 Hillside Avenue to have up to 4 occupants, computers a printer and fax machine supplying a computer network serving his business.  Noel Miranda is an employee of the "Pakoshan newspaper," photo printer and digital camera man, and is the legal contractual occupant for the first floor retail space.  The cellar at 169-20 Hillside Avenue is being used as open accessory use storage. No office has been illegally constructed or built, and no building code violations have been committed under Administrative Code 28-118.3.2, occupancy contrary to that allowed by the certificate of occupancy.  The City of New York cannot provide a legal standard for the illegal occupancy, nor an illegal separate entrances and most importantly no contractual agreement of a sublease for the cellar as an independent office. The City of New York did not observe the operations of a business and therefore cannot provide the direct evidence to an existence of an unlawful independent tenant.  The Commissioner and deputy commissioners at the NYC Buildings Department Queens Borough Office acted under color of state law when abusing their authority of the Administrative Code and unlawfully ordering the building management obtains a new 2014 certificate of occupancy for the use of the first floor cellar accessory use storage to be used by tenant Noel Miranda an employee of a Pakistani newspaper and the photo printing process.

[8]  When analyzing whether NYC Buildings department Commissioners and staff where in violation of depravation of rights we must first give explanation for four offenses. (1) The victim was an inhabitant of a U.S. state, district, or territory when the alleged violation occurred. (2) Franklin Perez and the NYC Buildings Department at the Queens Borough Office acted under color of city law when they abused their authority under Administrative Code for the City of New York and law of The Rules for the City of New York (1 RCNY § 102-01 Chapter 100 Enforcement.).  *Screws v. United States, 325 U.S. 91,111 (1945) (stating that "[a]cts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it."* (3) The defendant's conduct deprived the victim of the 1st , 4th and 14th amendment rights secured or protected by the U.S. Constitution.  Including the right not to be deprived freedom from unreasonable searches and seizures. *See, United States v. Langer, 958 F.2d 522 (2nd Cir. 1992).* and (4) the defendant acted willfully, that is, with specific

discriminatory malicious intent to violate the protected constitutional right when they issued criminal sanctions and abused color of state law privileged under the Administrative Code for the City of New York and law of The Rules for the City of New York (1 RCNY § 102-01 Chapter 100 Enforcement.). *Screws v. U.S. 325 U.S. 91 (1945); United States v. Guest, 383 U.S. 745 (1986) and United States v. Price, 383 U.S. 787 (1966). United States v. Shafer, 384 F. Supp. 496 (N.D. Ohio 1974. United States v. Ramsey, 336 F.2d 512 (4th Cir. 1964) Apodaca v. United States, 188 F.2d 932 (10th Cir. 1951).*

[9] "42 U.S.C. § 1983 itself does not create substantive rights, it does provide "a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James, 13d 515, 519 (2nd Cir. 1993)*. A claim arising under U.S.C. § 1983 most demonstrate (1) plaintiff was denied the rights granted under the 1st, 4th, and 14th amendments to the Constitution of the United States (2) Franklin Perez and the NYC Buildings Department at the Queens borough commissioner office are NYC governmental employees acting under color of the Administrative Code for the City of New York and law of The Rules for the City of New York (1 RCNY § 102-01 Chapter 100 Enforcement.) The definition of acting under color of state law requires that the defendant exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classics 313 U.S. 299, 326, 61 S. Ct. 1031, 1043 (1941).*

[10] The plaintiff was denied his substantial due process rights of life and liberty due to the action of the city employees. The plaintiff developed life disabling illness, mainly glaucoma, and was denied the opportunity to live a gay financially secure life working as an assistant to a professional architect or professional engineer within The City of New York. The government has denied the plaintiff the equal protection of the law and an environment free of discrimination while at a place of public accommodation in the presence of city and state employees.

[11] Liberties are the freedom in choosing, saying, publishing or petitioning granted under the Constitution of the United States. The defendant has denied the plaintiff the liberty of the press when harassing business manager Noel Miranda, an employee of the "Pakoshan newspaper" or Pakistani press. The defendant has denied the plaintiff the freedom of religion. The civil right of choosing a religion, whether that be atheist, agnostic, pagan or any of the three (3) major monotheistic religions. The government has profiled and discriminated the plaintiff due to a mental disability, religion and race of a brown male Pakistani Moslem/Muslim with mental disability. In addition the defendant has denied the plaintiff the liberty of petitioning the government, when city agents abused color of state law and exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law" to discriminate, harass, injure and intimidate the plaintiff from pursuing a living or pervert the course of justice in the plaintiff's pursuit of happiness.

[12]   Defendant action was so egregious, so outrages, that it may fairly be said to shock the contemporary conscience.  Malicious and sadistic abuses of power which are intended only to oppress or to cause injury and serve no legitimate governmental purpose unquestionably shock the conscience.  City employees are willful participants in violation of 42 U.S. Code § 2000a - prohibition against discrimination or segregation in places of public accommodation.  The discrimination was intentional and a substantial or motivating factor for the defendants actions. The discrimination was intentionally directed at the plaintiff's protected class of Pakistani Muslim/Moslem with malicious and sadistic intent. City employees are in violation of 18 U.S.C. § 242 deprevation of rights under color of law and 42 U.S.C. § 242.

[13]   The municipality's action in discriminating and denying or harassing the complainant access to a public building was motivated by fear, so as to block the plaintiff from access to sensitive information on structural designs for buildings and roads, as well as sewer records and other information available to a Registered Architect.

**Selective Enforcement**

[14] In law, selective enforcement occurs when government officials such as police officers, prosecutors, or regulators exercise enforcement discretion, which is the power to choose whether or how to punish a person who has violated the law. The biased use of enforcement discretion, such as that based on racial prejudice or corruption, is usually considered a legal abuse and a threat to the rule of law.

[15] *Wayte v. United States 470 U.S. 598 (1985)* said, "In our criminal justice system, the Government retains "broad discretion" as to whom to prosecute. [...] This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review. Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake."

[16] Yick Wo v. Hopkins *(1886)* was the first case where the United States Supreme Court ruled that a law that is race-neutral on its face, but is administered in a prejudicial manner, is an infringement of the Equal Protection Clause in the Fourteenth Amendment to the U.S. Constitution.

[17] Complaints of class 1 building violation under Administrative Code for the City of New York and law of The Rules for the City of New York.  City defendants are in violation of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. Jack Jaffa and Associates chief operating officer Michael Jaffa, homeowner at 1069 East 29th

Street in Brooklyn is given special privileges by NYC Buildings Commissioner Ira Gluckman. Gluckman's biased use of enforcement discretion, that based on racial prejudice or corruption, is considered a legal abuse and a threat to the rule of law.  Yick Wo v. Hopkins *(1886) Camac v. Long Beach City Sch. Dist., No. 09 CV 5309 DRH ARL, 2011 WL 3030345, at \*3 (E.D.N.Y. July 22, 2011) See Anthony v. City of New York, 339 F.3d 129, 137 (2d Cir. 2003).*

[18] Plaintiff was treated differently from other similarly situated individuals.  In the plaintiff's incident, cellar storage occupant load was in compliance with the 1968 NYC Building Code of The City of New York Table 6-2 occupant load requirements net area.  The city actors' exercised biased use of enforcement discretion, such as that based on racial prejudice or corruption, and unlawfully cited the plaintiff's business.  Michael Jaffa, homeowner at 1069 East 29th Street in Brooklyn is given special privileges by NYC Buildings Commissioner Ira Gluckman. Gluckman's biased use of enforcement discretion is based on racial preference prejudice or corruption.  The Brooklyn borough commsioner is acting with willful criminal negligence when not enforcing an "IMMEDIATELY HAZARDOUS VIOLATION. Immediately hazardous violations are those specified as such by the New York City Construction Codes, or those where the violating condition poses a threat that severely affects life, health, safety, property, the public interest, or a significant number of persons so as to warrant immediate corrective action, or, with respect to outdoor advertising, those where the violation and penalty are necessary as an economic disincentive to the continuation or the repetition of the violating condition.  Immediately hazardous violations shall be denominated as Class 1 violations."   Borough Commissioner is in violation of failure to enforce

[19] The differential treatment was based on impermissible consideration such as race, religion, intent to inhibit or punish the exercise of a first amendment right to the liberty religious expression, speech, press, and petition and/or with malicious or bad faith with intent to injure.

[20] NYC buildings department inspectors John Doe 1-5 and NYC Brooklyn borough commissioner failure to enforce and the special relationship exception applies.  "A municipality's duty to provide protection is ordinarily one owed to the public at large and not to any particular individual or class of individuals." *See Cuffy vs City of New York*.  The first element a plaintiff must prove is an assumption by the municipality, through promise or action, of an affirmative duty to act on behalf of the comomunity, which the municipality took on when enforcing laws NYC building and zoning laws. The main purpose of building codes is to protect public health, safety and general welfare as they relate to the construction and occupancy of buildings and structures. The building code becomes law of a particular jurisdiction when formally enacted by the appropriate governmental or private authority.  Second, it must be shown that the municipality's agents knew inaction could lead to harm, when allowing work without a permit violations for work types and specials inspections including foundation, structural

stability, framing, gas piping, plumbing, electrical, etc. The NYC Buildings department was notified of a work without a permit violation on 02/26/15, 05/02/15, 05/11/18, 05/12/18, 05/13/18, 05/14/18, 05/17/18, 05/18/18. (¶x)  A 311 NYC Buildings Department representative assured the plaintiffs that something would be done and an inspector would remedy the violation to protect public health, safety and general welfare as they relate to the construction and occupancy of buildings and structures at 1069 East 29th Street in thr borough of Brooklyn. The 311 NYC Buildings Department representative constituted an affirmative undertaking by the municipality. Based on the hazardous classification of the building violation, the commissioner should have known that inaction could lead to harm.  In the Court of Appeals case of Sorichetti v. City of New York, the Court found that "when police are made aware of a possible violation, they are obligated to respond and investigate, and their actions will be subject to a reasonableness review." There was direct contact with the plaintiff and building department officials which went beyond that of what the buildings commissioner had with the general public. The municipality's actions lulled the individual into a false sense of security and induced him to either relax his own vigilance or forego other avenues of protection, thereby placing the individual in a worse position than he would have been had the municipality never assumed the duty. FBI Special Agent Robert Duffy had asserted that the FBI would look into the class 1 building violation for work without a permit for unlawful gas piping. No action was taken by either law enforcement agency or NYC buildings inspector John Doe 1-5 and as a result the plaintiff suffered harm. The plaintiff pursued other avenues of protection in taking civil action in district court, thereby placing the individual in a worse position than he would have been had the municipality never assumed the duty.

[21]  The plaintiff was denied his substantial due process rights of life and liberty due to the action of the city employees. The plaintiff developed life disabling illness, mainly glaucoma, and was denied the opportunity to live a gay financially secure life working as an assistant to a professional architect or professional engineer within The City of New York. The government has denied the plaintiff the equal protection of the law and an environment free of discrimination while at a place of public accommodation in the presence of city and state employees.

[22]  Liberties are the freedom in choosing, saying, publishing or petitioning granted under the Constitution of the United States. The defendant has denied the plaintiff the liberty of the press when harassing business manager Noel Miranda, an employee of the "Pakoshan newspaper" or Pakistani press. The defendant has denied the plaintiff the freedom of religion.  The civil right of choosing a religion, whether that be atheist, agnostic, pagan or any of the three (3) major monotheistic religions. The government has profiled and discriminated the plaintiff due to a mental disability, religion and race of a brown male Pakistani Moslem/Muslim with mental disability. In addition the defendant has denied the plaintiff the liberty of petitioning the government, when city agents abused color of state law and exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of

state law" to discriminate, harass, injure and intimidate the plaintiff from pursuing a living or pervert the course of justice in the plaintiff's pursuit of happiness.

[23]   Defendant action was so egregious, so outrages, that it may fairly be said to shock the contemporary conscience.  Malicious and sadistic abuses of power which are intended only to oppress or to cause injury and serve no legitimate governmental purpose unquestionably shock the conscience.  City employees are willful participants in violation of 42 U.S. Code § 2000a - prohibition against discrimination or segregation in places of public accommodation.  The discrimination was intentional and a substantial or motivating factor for the defendants actions. The discrimination was intentionally directed at the plaintiff's protected class of Pakistani Muslim/Moslem with malicious and sadistic intent. City employees are in violation of 18 U.S.C. § 242 deprivation of rights under color of law and 42 U.S.C. § 242.

[24]   The Civil Rights Act of 1964 is federal civil rights legislation that prohibits discrimination in numerous settings including: employment, education, voting, and public accommodations. Specifically, Title II prohibits discrimination on the basis of race, color, religion, or national origin in places of public accommodations and provides injunctive relief for such violations.

## Title II of the Civil Rights Act of 1964 (Title VI)

[25]   Title II of the Civil Rights Act of 1964 (Title II), prohibits discrimination on the basis of race, color, religion, sex or national origin in places of public accommodations as well as prohibits retaliation against persons who complain about discrimination.   The defendant discriminated against the plaintiff on the basis of race and perceived religion as a Pakistani Muslim/Moslem. The discrimination was intentional.  The defendant's action to selectively enforce NYC building laws and regulations in violation of the 14th amendment based on the substantial and motivating factor of fear, due to the plaintiffs' perceived religion and race.  The plaintiff's race as a Pakistani Muslim/Moslem male was the motivating factor in the discriminatory action.  This relationship between the plaintiffs's perceived religion and race prompted the state of mind of fear.  This state of mind of fear was the substantial and motivating factor in deciding to discriminate the plaintiff while at the municipality buildings department. *Brown v. Board of Education of Topeka* (347 U.S. 483).   The municipality was motivated on stopping the Pakistani Moslem/Muslim with mental disability from having the credentials of aspiring to be an employee for a registered professional Architect or professional engineer in The City of New York.  The state actor was intentionally and willfully blocking the plaintiff the liberty of free expression religion, speech and the press.

[26]   The violations where intentionally directed at the plaintiff, and targeted the plaintiff protected class of a Pakistani newspaper and media.  The state of mind of fear was the substantial and motivating factor for the defendant's discriminatory action against the plaintiff.  The discrimination was intentional.  Race was the foremost factor in the municipality's decisions to discriminate the plaintiff, and deny him the liberty of speech and press.

**[27]**   In analyzing whether retaliation occurred, establish: (1) the complainant engaged in a protected activity; (2) the municipality was aware of the complainant's protected activity; (3) the complainant suffered an adverse action contemporaneous with, or subsequent to, the recipient's learning of the complainant's involvement in the protected activity; and (4) there is a connection between the protected activity and the adverse action from which a retaliatory motivation reasonably may be inferred.

**[28]**   The plaintiff engaged in a protective activity on 03/22/17 when he filed suit with the federal district court in the Eastern District of New York docket# 17-cv-1729 (¶x).  The U.S. Marshal notified The City of New York of the complainant's protected activity.  The plaintiff suffered an adverse action when the municipality begun falsify reports against him in violation of NYS § 240.50, § 240.55 and § 240.60, and may be coupled with charges of reckless endangerment, and used city and state employees to harass threaten and intimidate the plaintiff. NYC Buildings Queens borough manager Jane Doe continues to use her position to retaliate and deny the plaintiff the full and equal enjoyment of the goods, services, facilities, and privileges, advantages, and accommodations of any place of public accommodation.  The connection between the protected activity and the denial of the equal enjoyment of the goods, services, facilities, and privileges, advantages, and accommodations of any place of public accommodation was a violation of federal law. (¶x).

## 18 U.S. Code § 241 – Conspiracy against Civil Rights

**[29]**   18 U.S.C. §241 makes it against the law for two or more persons to conspire to "injure, oppress, threaten, or intimidate any persons of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States (or because of his/her having exercised the same)."  Punishment for violations includes a fine and/or imprisonment for a maximum of 10 years. The law provides greater punishment to violators if their acts result in death (or an attempt to kill) or include kidnapping (or an attempt to kidnap) or aggravated sexual abuse (or an attempt to commit aggravated sexual abuse). Under such heightened circumstances, offenders may face life imprisonment or the death penalty.

**[30]**   Under section 1985(3) the conspiracy existed when the city and state government employees, conspired with filing representative Kenneth Heath to deny equal enjoyment of the goods, services, facilities, and privileges, advantages, and accommodations of any place of public accommodation to the brown male Pakistani Moslem/Muslim's with mental disability. For the purpose of depriving the plaintiff either directly or indirectly the equal protection of the laws, or of equal privileges and immunities under the laws.  Motivated solely on stopping the brown male Pakistani Moslem/Muslim with mental disability from having the credentials of aspiring to be a registered professional Architect in the State of New York, the government is intentionally and willfully blocking the plaintiff access to sensitive information on structural designs for buildings and roads, as well as sewer records and other information available to a

Registered Architect.

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

**Mental illness (adjustment disorder), complications and metastasis of an auto-immune disease, loss of employment (adjustment disorder), time and effort in preparing this complaint**

## V.    Relief

State briefly what you want the court to do for you.   Make no legal arguments. Do not cite any cases or statutes.  If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

**Dismissal of Buildings Summons and**

**Commissioners Order Summons number 35316607P**

| | |
|---|---|
| **1. Deformation/Libel** | **$3,000,000.00** |
| **2. Negligence** | **$3,000,000.00** |
| **3. Tort** | **$3,000,000.00** |
| **4. Damages** | **$3,000,000.00** |
| **TOTAL AMOUNT CLAIMED:** | **$12,000,000.00** |

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.      **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: **August 21, 2018**

Signature of Plaintiff

Printed Name of Plaintiff:   **Adil Khalil**